Filed 7/27/23  P. v. Cardiff CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIELLE LYNN CARDIFF,<br><br>    Defendant and Appellant. | B322391<br><br>(Los Angeles County<br>Super. Ct. No. NA112033) |

THE COURT:

Danielle Lynn Cardiff (defendant) appeals from a postconviction order denying her request for a reduction of her probation period under Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (Stats. 2020, ch. 328, § 2) (Assem. Bill No. 1950), which amended Penal Code[1] section 1203.1 effective January 1, 2021 to limit the maximum probation term for most felonies to two years.

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

# BACKGROUND

On May 30, 2019, defendant struck her grandmother in the face and upper torso multiple times in the presence of defendant's toddler.

On July 30, 2019, defendant pleaded no contest to one count of felony elder abuse likely to cause great bodily injury (§ 368, subd. (b)(1)), and one count of assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4)).  On the elder abuse count, the trial court imposed a two-year prison sentence, but suspended its execution; on the assault count, the court suspended imposition of sentence.  As to both counts, defendant was placed on three years' probation.  The court also entered a protective order pursuant to section 1203.097 on behalf of defendant's grandparents.

Defendant did not appeal her conviction or sentence.

In February 2021, the court preliminarily found defendant had violated the terms of her probation, and issued a bench warrant for her arrest.

On July 7, 2021, defendant admitted the probation violation.  The court revoked and then reinstated defendant's probation under the original terms, i.e., three years to run to July 2022.

In April 2022, following another violation of the terms of probation, the court summarily revoked defendant's probation.

On July 13, 2022, defendant filed a motion to terminate probation pursuant to Assem. Bill No. 1950, arguing there was insufficient evidence to show it was a domestic violence case exempted from the default two-year cap for probation.  Defendant argued that a trial court assessing whether a case qualified as a domestic violence case "must be limited to what was actually

admitted at the time of the plea." The trial court denied the motion, ruling that it was not limited in the manner defendant suggested, and found defendant's conviction was for a crime of domestic violence because (1) the victims were defendant's grandparents, and (2) protective orders were issued pursuant to the domestic violence statute. Defendant admitted the probation violation, and the court reinstated probation under the original terms until July 15, 2023.

Defendant filed a timely notice of appeal. We appointed appellate counsel for defendant. Citing *People v. Wende* (1979) 25 Cal.3d 436, counsel filed an opening brief setting out the procedural history of this case and a declaration indicating that counsel had "reviewed the entire record," had found no "arguable issues on appeal" and had informed defendant of her right "to file a supplemental brief," and asking this court to independently review the record.

## DISCUSSION

For appeals of post-conviction matters, our Supreme Court has established a procedural framework to follow when appointed counsel finds no arguable issues. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221-222 (*Delgadillo*).) Under that framework, we gave notice to defendant that she had the right to file a supplemental letter or brief or her appeal could be dismissed. To date, no letter or brief has been filed.

We decline to engage in independent review of the record and dismiss the appeal as abandoned. (*Delgadillo, supra*, 14 Cal.5th at pp. 231-232.)

Even if we were to look at the merits, the trial court's ruling is correct. First, the trier of fact may look to the entire record of conviction to determine the substance of a conviction.

3

(*People v. Guerrero* (1988) 44 Cal.3d 343, 355.) Second, and as noted above, Assem. Bill No. 1950 amended section 1203.1 to limit probation in most felony cases to two years. But the two-year limit "shall not apply" to an offense "that includes specific probation lengths within its provisions." (§ 1203.1, subd. (l)(1).) The pertinent specific probation length applicable here is set forth in section 1203.097, which requires a minimum 36-month probation term in any case in which "a person is granted probation for a crime in which the victim is a person defined in Section 6211 of the Family Code." (Pen. Code, § 1203.097, subd. (a)(1).) Persons defined in section 6211 of the Family Code include a "person related by consanguinity or affinity within the second degree" (Fam. Code, § 6211, subd. (f)), which includes the relationship of grandchild and grandparent. (Prob. Code, § 13, subd. (b).) Thus, even when the statutes defining defendant's crimes (Pen. Code, §§ 368 & 245) do not provide for a specific probation length, if the victim of the crime is defendant's grandparent, the specific minimum probation length of 36 months provided in section 1203.097 applies. (See *People v. Qualkinbush* (2022) 79 Cal.App.5th 879, 894-895; *People v. Rodriguez* (2022) 79 Cal.App.5th 637, 644; *People v. Forester* (2022) 78 Cal.App.5th 447, 455.)

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____

LUI, P. J.,                CHAVEZ, J.,                HOFFSTADT, J.

4